UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN P. CURRY, | : | CASE NO. 3: 02 CV 1149 (PCD) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| ALLAN S. GOODMAN, INC., | : | |
| Defendant. | : | March 31, 2004 |

**PLAINTIFF'S REPLY MEMORANDUM RE: MOTION TO RECONSIDER**

**I.   INTRODUCTION**

Pursuant to Local Rule 7(d), Plaintiff hereby submits his Reply to Defendant's Opposition to Plaintiff's Motion to Reconsider Ruling Granting Summary Judgment. Defendant's Opposition ignores controlling authority, mischaracterizes Connecticut law, and fails to address the argument that the determination of whether Plaintiff is disabled under Connecticut law is one that should be made by the Connecticut Superior Court, where this case initially was filed.

**II.   ARGUMENT**

    **A.   *BEASON V. UNITED TECHNOLOGIES CORP.* MANDATES RECONSIDERATION AND REVERSAL AS TO PLAINTIFF'S CFEPA COUNTS**

Eight months ago, on July 21, 2003, the United States Court of Appeals for the Second Circuit held that it is reversible error for a District Court to apply the standard for disability under the Americans With Disabilities Act (ADA), 42 U.S.C. §12101 *et seq.*, to claims under the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. §46a-51 *et seq.*. ***Beason***

1

*v. United Technologies Corp.*, 337 F.3d 271 (2d Cir. 2003). In its Opposition to Plaintiff's Motion to Reconsider, Defendant does not even mention *Beason*, instead relying upon a Connecticut Superior Court case, *Tello v. Bell*, 1997 WL 867716 (Conn. Super. 1997), that interprets a different statute in the entirely different context of an eviction dispute between a landlord and tenant. *See* Memorandum in Opposition at 5-7 and Exhibit B thereto. Defendant has no choice but to ignore *Beason*, because that case mandates reconsideration and reversal of this Court's ruling as to Plaintiff's CFEPA counts.

In *Beason*, the Second Circuit relied upon the legislative history of CFEPA, the case law interpreting CFEPA, and the interpretation given to the statute by the Connecticut Commission on Human Rights and Opportunities (CHRO), the state agency charged with enforcing CFEPA, to determine that it is an error of law for a District Court to rely on the ADA standard for determining whether a person is "disabled" within the meaning of CFEPA. *Beason*, 337 F.3d at 277-78. Indeed, the *Beason* court noted that "the case law on point, though not extensive, *uniformly* confirms our belief that the CFEPA's definition of physical disability is broader than the ADA's." *Id*. at 278 (emphasis added). In other words, *every single case* that has interpreted CFEPA has found that its definition of "disabled" is broader than that of the ADA.

Defendant chooses to ignore this unanimous interpretation of CFEPA, and instead relies upon *Tello v. Bell*, *supra*. *Tello* is an eviction case that interprets Connecticut General Statutes Sections 1-1f(b) and 47a-23c(a)(1)(C), not a disability discrimination case that interprets CFEPA. The issue in *Tello* was not, as Defendant states at page 5 of its Memorandum in Opposition, that "'physically disabled' [under Connecticut law] means something more than a *potential permanent condition or pain*," (emphasis added). The issue in *Tello* was whether or

not a tenant with back pain, but who presented no evidence of neurological deficits, compromise of the nervous system or impact on his ability to work, was "physically disabled" within the meaning of Conn. Gen. Stat. § 47a-23c(a)(1)(C), which prohibits the eviction of tenants who are "physically disabled." *Tello*, 1997 WL 867716 at *1 (a copy of this case is attached as Exhibit B to Defendant's Memorandum in Opposition).  Indeed, the court in *Tello* rejected Plaintiff's contention that he had a permanent back condition, and made a specific factual finding that "although Mr. Bell may experience lower back pain, there is at this time no objective reason to suggest that Mr. Bell's ability to pursue most of the ordinary activities of life has been significantly compromised." *Id.*  Nowhere in *Tello* did the court rule that a "chronic physical impairment," as that phrase has been interpreted in the context of CFEPA, does not qualify as "disabled."

     Simply put, the facts and legal issues of *Tello* are so far removed from the present case that it has little, if any, applicability to this case.  Unlike in *Tello*, Plaintiff has presented evidence that he has a 22% to 30% permanent partial impairment to his lumbar spine (Exhibit A to Plaintiff's Opposition to Motion for Summary Judgment, at ¶40; Exhibit T, Exhibit Y); that he has a permanent lifting restriction (*Id.*); and that he is disabled from two broad classes of jobs, "Heavy Work" and "Very Heavy Work" (Exhibit Y; Exhibit Z). *See also* Plaintiff's Memorandum In Support of Motion to Reconsider at 7, 12-13.  Indeed, Defendant has admitted as much. *See* Answer, ¶20; Defendant's Local Rule 56(c)(1) Statement, ¶ 80.  All of the case law that interprets CFEPA supports the conclusion that this evidence is sufficient to allow a jury to conclude that Plaintiff is "disabled" under CFEPA.  Given that this Court clearly applied the ADA standard to Plaintiff's CFEPA claims, see Ruling, p.8, and given the clear mandate of the

Second Circuit in *Beason* that this is reversible error, this Court should reconsider and reverse its ruling granting summary judgment as to Plaintiff's First and Second Counts under CFEPA.

      **B.     DEFENDANT MISCHARACTERIZES THE STANDARD UNDER CFEPA FOR DETERMINING WHETHER OR NOT PLAINTIFF IS DISABLED**

At page 5 of its Memorandum in Opposition, Defendant states: "[w]hile the definitions of 'disability' under the ADA and CFEPA differ *ever so slightly*, the courts have not held that the threshold for determining whether one is 'physically disabled' under CFEPA versus the ADA is a weaker standard." (Emphasis added). This statement misrepresents the actual standard under CFEPA.

As noted by the Second Circuit in *Beason*, the CHRO interprets the definitions of "disability" under CFEPA and the ADA to be *significantly* different: "'The definitions of "disability" in the ADA and [C]FEPA – and the interpretive case law – differ significantly. . . . [C]FEPA, unlike the ADA, does not require the complainant to prove that she is substantially limited in a major life activity.'" *Beason*, 337 F.3d at 278, quoting ***CHRO ex rel. Kowalczyk v. City of New Britain***, CHRO No. 9810482, at *25-*26 (Mar. 15, 2002) (a copy of this decision is attached to Plaintiff's Memorandum in Support of Motion to Reconsider as Exhibit 5). Thus, the agency that is responsible for interpreting and administering CFEPA has interpreted the definitions as differing significantly, rather than "ever so slightly," and Defendant's statement to that effect should be rejected by this Court.

Additionally, Defendant's statement that "the courts have not held that the threshold for determining whether one is 'physically disabled' under CFEPA versus the ADA is a weaker standard," is misleading. As noted above, the Second Circuit in *Beason* has ruled that "the CFEPA's definition of physical disability is broader than the ADA's." 337 F.3d at 278. This

argument also ignores the fact the CHRO has so interpreted CFEPA.  As noted by the CHRO in ***CHRO ex rel. Saksena v. State***, CHRO No. 990089 (June 9, 2000) (a copy of which is attached to Plaintiff's Memorandum in Support of Motion to Reconsider as Exhibit 6), "The definition of <u>physical</u> disability under [C]FEPA encompasses greater latitude and ensures more protection than the ADA definition; thus, its application has led to a different result than the federal definition." *Id.* at *10 (emphasis in original).  This is supported by the fact that, in ***CHRO ex rel. Secondo v. Housing Authority***, CHRO No. 9710713 (Exhibit 7 to Plaintiff's Memorandum in Support) the claimant was found not to have been disabled under the ADA, but was disabled under CFEPA.  *Id.* at *23 ("Although the complainant is not disabled under the ADA . . . I am not precluded from finding him disabled under state statutes."); *24 ("In sum, the medical evidence supports a finding that the complainant suffers from chronic impairments resulting from bodily injuries, organic processes, or illnesses.  Accordingly, he is disabled under state law.").  This interpretation of CFEPA by the CHRO should be granted substantial deference by this Court.  *See, e.g.*, ***Florez on Behalf of Wallace v. Callahan***, 136 F.3d 438, 445 (2d Cir. 1998) (so long as an agency's interpretation is reasonable, courts should not substitute its own construction of the statute).

      **C.    ISSUES REGARDING CFEPA, INCLUDING WHETHER PLAINTIFF IS DISABLED AND WHETHER HE CAN PERFORM THE ESSENTIAL FUNCTIONS OF HIS JOB WITH A REASONABLE ACCOMMODATION, SHOULD BE DECIDED BY THE CONNECTICUT SUPERIOR COURT**

The bulk of the argument in Defendant's Memorandum in Opposition is directed to whether or not Plaintiff can perform the essential functions of his job, with or without reasonable accommodation.  *See* Memorandum in Opposition at 7 – 11.  These issues, however, never were reached by the Court in ruling on the Motion for Summary Judgment.  Should this Court not

5

reverse itself as to Plaintiff's ADA claims, it should defer judgment on these issues as to Plaintiff's CFEPA claims to the Connecticut Superior Court, as these questions of State law are more properly decided by a judge of that court.

As noted by Plaintiff in his Memorandum in Support of Motion to Reconsider at 14-16, if this Court does not reconsider its ruling as to Plaintiff's ADA claims, his claims under CFEPA should be remanded to the Connecticut Superior Court because the basis for federal jurisdiction will have been removed. This case originally was filed in the Connecticut Superior Court, and was removed to this Court by Defendant on the basis of federal question jurisdiction under 28 U.S.C. Sections 1331 and 1367(a). Once the federal claims have been disposed of, however, 28 U.S.C. Section 1367(c)(4) calls for remanding any remaining state law claims to state court. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

### III.    CONCLUSION

As *Beason* makes clear, this Court committed an error of law when it relied upon the ADA standard for determining whether or not Plaintiff was "disabled" to enter summary judgment as to his claims under CFEPA. Contrary to defendant's assertions, the two standards differ significantly, such that the standard under CFEPA is easier for Plaintiff to meet than the standard under the ADA. If this Court does not reverse its ruling as to the ADA claims, it should not exercise supplemental jurisdiction over Plaintiffs state law claims, and thus should remand them to the Connecticut Superior Court for additional proceedings. For these reasons, as well as those set forth in Plaintiff's Memorandum in Support of Motion to Reconsider, Plaintiff's Motion should be granted.

        PLAINTIFF, JOHN P. CURRY


        By:_____
        Richard E. Hayber,
        Hayber & Pantuso, LLC
        Fed. Bar No: ct11629
        221 Main Street, Suite 400
        Hartford, CT 06106
        (860) 522-8888
        Attorney for the Plaintiff

**CERTIFICATION OF SERVICE**

      This is to certify that on this date, the foregoing document was mailed to all counsel and pro se parties of record including:

Glenn A. Duhl
Siegel, O'Connor, Zangari, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford CT 06103

                                                  _____
                                                    Richard E. Hayber