UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN P. CURRY | : |
| | : |
| vs. | : Case No. 3:02cv01149 (PCD) |
| | : |
| ALLAN S. GOODMAN, Inc. | : |

**RULING ON PLAINTIFF'S MOTION TO RECONSIDER**

Pursuant to D. Conn. L. Civ. R. 7(c) and Fed. R. Civ. P. 59(e), Plaintiff moves for reconsideration of the ruling granting summary judgment. For the reasons stated herein, Plaintiff's motion is **granted** and the prior ruling is **vacated** in part, **affirmed** in part. The case is remanded to state court for further proceedings.

**I.    BACKGROUND:**

Plaintiff's claim is in 6 counts: 1) termination in violation of the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat § 46a-60(a)(1) and the Americans with Disabilities Act (ADA), 42 U.S.C. §12111 et seq (counts 1 and 4); 2) failure to provide reasonable accommodation under both CFEPA and ADA, (counts 2 and 5); and retaliation for filing complaints under CFEPA and ADA (counts 3 and 6). On February 24, 2004 summary judgment was granted in favor of Defendant on all counts. A judgment in favor of Defendant was entered on March 1, 2004. Plaintiff timely filed a motion seeking reconsideration of the ruling on both Plaintiff's CFEPA and ADA claims. Plaintiff also requests, in the alternative, that if reconsideration is granted with respect to the CFEPA claims, but not the ADA claims, the case be remanded to state court.[1]

---

[1] Familiarity with all other facts relevant to this case is presumed.

**II.     STANDARD OF REVIEW:**

The standard for granting a motion for reconsideration is strict.  Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked -matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995), see also United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994) (Granting reconsideration appropriate when a "need is shown to correct a clear error of law or to prevent manifest injustice.").  A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

**III.    DISCUSSION:**

A.     ADA Based Claims:

Plaintiff's arguments based on the ADA claims do not meet the standard of review for a motion to reconsider.  Plaintiff primarily takes issue with the Court's interpretation of Giordano v. City of New York, 274 F.3d 740 (2d Cir. 2001) and reargues the applicability of Rochford v. Town of Cheshire, 979 F. Supp. 116 (D. Conn. 1997).  Pl. Mem. Supp. Reconsideration at 11-14. The Rochford case was fully briefed by Plaintiff in his original opposition brief, Pl. Mem. Opp. Summ. J. at 19-23, and addressed in the February 24th ruling.  Ruling Granting Summ. J. at 7.  As a consequence, Plaintiff does not point to anything the Court overlooked, but seeks only to "relitigate an issue already decided[,]" Shrader, 70 F.3d at 257, and his motion on this ground is

**denied**.

      B.    CFEPA Based Claims:

Plaintiff argues that the Court erred when it applied the same standard for determining disability under the ADA to Plaintiff's claims under the CFEPA. Pl. Mem. Supp. Mot. to Reconsider at 3-4. Plaintiff relies in principal on the Second Circuit's opinion in Beason v. United Techs. Corp., 337 F.3d 271 (2d Cir. 2003). In Beason, the Second Circuit noted the difference between the ADA definition of disability and the CFEPA's definition. The ADA "prohibits disability-based discrimination and ... defines disability as 'a physical or mental impairment[]'" that must "'substantially limit[] one or more of the major life activities of [the] individual." 337 F.3d at 277, citing 42 U.S.C. § 12102(2)(A). The CFEPA similarly defines disability as "referring to any individual who has any chronic physical handicap, infirmity or impairment[,]" but notably absent from this definition is any reference to limiting major life activities. Id., citing Conn. Gen. Stat. § 46a-51(15). Based on this discrepancy, the Second Circuit concluded that "the Connecticut Supreme Court would decline to find the CFEPA possesses the same restrictive threshold" and as a consequence "Connecticut and federal laws do not provide coextensive disability discrimination coverage." Id.

This alone is a basis for granting reconsideration of the ruling on summary judgment, as that ruling relied only on the substantial limitation of a major life activity standard under the ADA. The Beason decision therefore constitutes a controlling decision overlooked by the Court and is grounds for reconsideration. Shrader, 70 F.3d at 257.

Defendant, acknowledging that the standards under the ADA and the CFEPA are different, argues that the Court could properly find, under either standard, that Plaintiff was not

disabled and/or that Plaintiff could not perform his job with or without reasonable accommodation. Def. Mem. Opp. Reconsideration at 4-11. To the extent that these arguments were raised in Defendant's original motion for summary judgment, they were done so almost exclusively with reference to the standard under the ADA. See Def. Mem. Supp. Summ. J. at 20-24 (addressing solely disability under the ADA); 24-34 (addressing reasonable accommodation primarily with reference to the ADA standard). Even on reconsideration when Defendant is purportedly arguing that Plaintiff could not perform his job with or without reasonable accommodation under the CFEPA, Defendant cites almost exclusively to cases involving the ADA and fails to establish that the standards are the same under the CFEPA and the ADA. For example, Defendant cites Reeves v. Johnson Controls World Servs., 140 F.3d 144 (2d Cir. 1998) for the proposition that Plaintiff "must be able to perform the essential functions of the job, with or without reasonable accommodation." Def. Mem. Opp. Reconsideration at 7. Reeves deals only with the ADA and New York state law and does not address claims under the CFEPA. See 140 F.3d at 149 (Discussing the plaintiff's arguments on appeal under the ADA and New York law). In fact, the only decision Defendant cites which addresses the CFEPA specifically declines to address whether the provisions of the CFEPA "forbidding an employer from discriminating on the basis of a physical handicap are coextensive with the provisions of the federal statute, *especially* the 'reasonable accommodation' duty under that statute." Adriani v. Commission on Human Rights & Opportunities, 220 Conn. 307, 321 n. 12, 596 A.2d 426, 436 n. 12 (1991) (emphasis added).

    Defendant did, in its original summary judgment motion, conclusorily assert that the standards for reasonable accommodation under the ADA and CFEPA are the same. Def. Mem.

Supp. Summ. J. at 33, citing <u>Conn. Comm'n on Human Rights & Opportunities v. Wal-Mart Stores</u>, No. CV010507207S, 2002 Conn. Super. LEXIS 55, at *11-12 (2002).  While, it is clear from that opinion that the burden shifting analysis under the ADA also applies to claims under the CFEPA, it is far from clear that the reasonable accommodation standard is the same.  The passage of the ruling cited by Defendant, namely the section citing <u>Millane v. Becton</u>, 84 F. Supp. 2d 282, 285 (D. Conn. 1999) stands only for the burden shifting proposition.  While Defendant may raise the question of whether the two reasonable accommodation standards are the same, the citation to one unpublished opinion does not conclusively establish the right to judgment as a matter of law.  At best, it raises a question of state law that mitigates in favor of remand, as discussed below.

     Defendant does argue in its opposition brief that the Court should now find that Plaintiff fails to meet the standard for disability under the CFEPA standard, Def. Mem. Opp. Reconsideration at 4-7, but this argument is not properly considered.  As noted above, Defendant's arguments at summary judgment centered exclusively on the standard under the ADA.  <u>See</u> Def. Mem. Supp. Summ. J. at 20-24 (Focusing on the ADA's substantial impairment of a major life activity standard and case law under it).  Reconsideration is only appropriate where the arguments presented involve newly discovered facts, an intervening change in the law, or the need to correct clear error.  <u>Virgin Atlantic Airways</u>, 956 F.2d at 1255 .  To consider Defendant's newly asserted arguments under the CFEPA now would amount to allowing a party, in essence, to submit a new motion for summary judgment as an opposition brief to Plaintiff's motion for reconsideration.  Such arguments are clearly outside the scope of a motion to reconsider and do not amount to either newly discovered facts, an intervening change in the law,

or the need to correct clear error with respect to the original ruling.  Indeed, the arguments only make more clear Defendant's initial failure to meet its burden on summary judgment and the necessity of vacating the ruling with respect to Plaintiff's CFEPA claims.  Accordingly, this Court's February 24th ruling is **vacated** with respect to Counts One, Two, and Three as they pertain to the CFEPA.  No position is taken on the merits of these claims.

  C. <u>Plaintiff's Request for Remand</u>:

Given that summary judgment has entered on all federal claims, Plaintiff requests that the matter be remanded to state court for trial on the remaining state claims.  Pl. Mem. Supp. Reconsideration at 14-17.  Defendant does not take a position on this request in its opposition brief.

Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction" over state law claims if "the district court has dismissed all claims over which it has original jurisdiction."  This power is exercised at the district court's discretion and is therefore subject to review only for abuse of discretion.  <u>Valencia v. Sung M. Lee</u>, 316 F.3d 299, 305 (2d Cir. 2003).  Where federal law claims have been dismissed early in the prosecution of a case and the remaining state law claims involved unsettled questions of law, the Second Circuit has found that a district court abuses its discretion in exercising supplemental jurisdiction.  See <u>Valencia</u>, 316 F.3d at 306 (collecting cases).  While this case has reached summary judgment and the parties have completed discovery, trial is not imminent.  Furthermore, as noted above and in Plaintiff's brief, appellate level courts in Connecticut have not fully addressed the relation between claims under the ADA and the CFEPA as to reasonable accommodation.  <u>Adriani</u>, 220 Conn. At 321 n. 12, 596 A.2d at 436 n. 12; Pl. Mem. Supp. Reconsideration at 15-16.  These

factors coupled with Defendant's failure to take a position on the matter weigh in favor of remanding to state court. Accordingly, Plaintiff's motion is **granted** and the matter is **remanded** to state court for disposition on the merits of Plaintiff's state law claims.

## IV.    CONCLUSION:

For the reasons state herein, Plaintiff's motion for reconsideration [Doc. No. 54] is **granted** in part and the ruling granting summary judgment is **vacated** in part. The ruling is vacated with respect to Counts One, Two, and Three pertaining to Plaintiff's CFEPA claims. Summary judgment stands with respect to Counts Four, Five, and Six involving the ADA. However, as only state law claims remain, the case is **remanded** to state court for disposition on the merits of the remaining claims.

Dated at New Haven, Connecticut, April  21 , 2004.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court